```
          IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION

PAULA SMITH-JACKSON,            :
                                :
   Plaintiff                    :
                                :
vs.                             :   CIVIL ACTION FILE
                                :   NO. 1:15-cv-01688- WSD-GGB
MICHAEL P.HUERTA, IN HIS        :
OFFICIAL CAPACITY AS            :
ADMINISTRATOR FEDERAL AVIATION :
ADMINISTRATION AND ANTHONY      :
FOXX, IN HIS OFFICIAL CAPACITY :
AS SECRETARY OF THE UNITED      :
STATES DEPARTMENT OF            :
TRANSPORTATION                  :
                                :
   Defendants.                  :
```

## AMENDED COMPLAINT

COMES NOW, Plaintiff, PAULA SMITH-JACKSON, who hereby files this Amended Complaint for damages and other necessary and equitable relief against the above-named defendant Agencies as follows:

### I . PRELIMINARY STATEMENT

1.

Plaintiff brings this action pursuant to 29 U.S.C. § 633a (the Age Discrimination in Employment Act or the"ADEA"), the Civil Rights Acts of 1964, 1870 and 1871 42 U .S .C .§§ 2000d and 2000e-2000e-17), the Civil Rights Act of 1967 ( 29 U .S .C . § 633a(hereinafter referred to as "the Civil Rights Acts")and the Rehabilitation Act of 1973 ( 29 U.S.C. §§ 791 and 794).

## II. THE PARTIES

2.

Plaintiff is an African American female citizen of the United States over the age of 40, and a resident of Cobb County, Georgia. She is employed by the Federal Aviation Administration and the Department of Transportation(sometimes referred to as "the agency" or "Defendant employer") at its Southern Region location in Fulton County, Georgia at all times relevant to the allegations set forth in the Complaint.

3.

Defendant,Anthony Foxx, is the Secretary for the United States Department of Transportation, an agency of the United States of America, and made defendant herein and Defendant Huerta is the Administrator of the Federal Aviation Administration, which is a part of the United States Department of Transportation, and is a party defendant herein as the employer of the Plaintiff.

## III. JURISDICTION AND VENUE

4.

This action involves and arises out of the statutory rights and obligations secured under the laws of the United States established by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., the ADEA and the Rehabilitation Act, as amended.

5.

Plaintiff has satisfied the jurisdictional requirements of bringing this suit, having timely filed a complaint of discrimination with the agency, having received a Final Decision from such agency, having filed timely her complaint/appeal with the Equal Employment Opportunity Commission ("EEOC") and having received final decisions from such administrative agency.

6.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. secs.1331 and 1343. The acts, omissions, and events complained of herein took place in Marietta, Georgia. Plaintiff is a resident of Cobb County, Georgia, and venue is, therefore, proper in the Northern District for the United States District Court in Georgia.

**IV. FACTUAL ALLEGATIONS**

7.

Plaintiff was employed by the Agency as an Air Traffic Controller and assigned to its Southern Region in College Park, Georgia, at all times relevant to the incidents on which this complaint is based .

8.

On May 8, 1997, the Plaintiff overheard coworkers, who made derogatory racially stereotypical comments in the

workplace.

9.

The Plaintiff was determined to have suffered a compensable injury in the workplace, and, accordingly, she was declared eligible for workers compensation benefits by the federal Office of Workers Compensation Programs ("OWCP").

10.

Plaintiff was and is disabled as defined under the Rehabilitation Act ( 29 U.S.C. §§ 791 and 794).

11.

Plaintiff's medical practitioners advised the Agency that Plaintiff required an accommodation based upon her medical impairment under the Rehabilitation Act.

12.

The Agency declared the Plaintiff to be medically disqualified to serve in the Air Traffic Controller position on or about June 15, 2006.

13.

Following her medical disqualification, beginning in October of 2006, the Plaintiff requested a reasonable accommodation from the Agency on several occasions.

14.

The Plaintiff requested a transfer into, among others, the

Agency's Air Traffic Control Specialist position as of January of 2007

15.

The Agency refused to respond to any of the Plaintiff's requests for a reasonable accommodation.

16.

Plaintiff's male, Caucasian, and younger counterparts who worked in the Air Traffic Controller position, and who were placed on medical restrictions, were transferred by the Agency immediately into positions which accommodated their medical impairments.

17.

Caucasian, male and younger employees with similar or inferior qualifications than the Plaintiff were placed by the Agency into the Air Traffic Control Specialist position after becoming medically disqualified to serve in the Air Traffic Controller position.

18.

The Plaintiff was terminated by the Agency on August 17, 2007 based upon what the Agency stated to be her medical disqualification to serve in the Air Traffic Controller position.

19.

Prior to her termination in August of 2007, after becoming medically disqualified, the Plaintiff requested an accommodation that would allow her to be placed into numerous positions for which she qualified and which were vacant.

20.

The Agency refused to respond to any of the Plaintiff's requests for such placement into vacant positions for which she was qualified.

21.

Following her termination from employment with the Agency, the Plaintiff appealed her removal through the Agency's internal appeal process.

22.

A Panel impaneled to decide the Agency's treatment of the Plaintiff determined that the Agency acted illegally in terminating the Plaintiff.

23.

The Panel determined that the Agency should seek to find a position for the Plaintiff based upon her medical disability.

24.

Despite the decision of the Panel that the Agency should seek to find a position for the Plaintiff, the Agency did not attempt to do so for several months, and withdrew an offer to accommodate her into a vacant position.

25.

The Agency finally placed the Plaintiff into a vacant position for which she qualified in August of 2008.

26.

The Agency never engaged in any process with the Plaintiff to attempt place her into a position which accommodated her impairments.

27.

The Plaintiff, prior to her termination, filed EEO complaints against the Agency asserting that she was subjected to discrimination based upon race and sex when the Agency refused to discipline the employee who subjected her to workplace racially cruel jokes, or to transfer him from working in the same area as was she, despite her requests that the Agency do so.

28.

Once the Complainant made such a complaint concerning the Agency's failure to provide workplace protection to her, she was then declared medically decertified to serve as an Air Traffic Controller and denied any accommodation of her disabilities, but instead, the Agency proposed to remove her.

29.

Due to the Agency's acts of illegal discrimination, the Plaintiff filed a formal EEO complaint with the Agency alleging that she was subjected to discrimination based upon race, sex, age, reprisal, and disability.

30.

The Plaintiff requested an administrative hearing with the Equal Employment Opportunity Commission to adjudicate her complaints of discrimination, and such hearing took place on September 14, 2009.

31.

The EEOC Administrative Judge ruled that the Agency failed to provide to the Plaintiff as required by law.

32.

The Plaintiff appealed the Administrative Judge's findings, including the award of damages and other relief to the Plaintiff, to the Equal Employment Opportunity Commission.

33.

The EEOC issued its Decision awarding to the Plaintiff additional damages, and otherwise affirming the decision of the Administrative Judge.

34.

The Plaintiff requested an accommodation for her disabilities, but instead of being accommodated, the Agency proposed to remove her, and ultimately did remove her from federal service.

35.

The Plaintiff is a disabled individual, within the meaning of the Rehabilitation Act; she had a record of impairment, and

was perceived as impaired by the Agency.

36.

The Agency subjected the Plaintiff to sex discrimination by providing reassignment privileges and more favorable terms and conditions of employment to her male counterparts, while refusing to reassign her to similar positions.

37.

The Agency subjected the Plaintiff to race discrimination by providing reassignment privileges to her Caucasian counterparts, while refusing to reassign her to similar positions.

38.

The Agency subjected the Plaintiff to age discrimination by providing reassignment privileges to her younger counterparts, while refusing to reassign her to similar positions.

39.

The Agency subjected the Plaintiff to reprisal based upon her previous eeo activity and the Agency's failure to articulate a legitimate reason to not provide to her a reasonable accommodation.

40.

The agency, through its management representatives, terminated the Plaintiff illegally based upon the Plaintiff's race, and as reprisal for his having filed an earlier formal complaint of discrimination.

41.

The Plaintiff is currently working in a position with the Agency which denies to her the salary and benefits would have received had the Agency accommodated her disability.

42.

All jurisdictional prerequisites to the institution of suit under Title VII, the ADEA, and the Rehabilitation Act, have been fulfilled.

43.

The Defendant Agency has refused to grant to the Plaintiff the same opportunities for employment as provided to her Caucasian, younger, and male counterparts, and to those employees who did not engage in prior equal employment opportunity protected activity.

**COUNT I .**
**Title VII Claim**

44.

All of the allegations contained in this Complaint and in paragraphs 1 through 43 are made a part hereto by reference and incorporated as if fully set forth herein .

45.

The conduct of the Defendant employer constitutes a violation of 42 U .S .C . § 2000e-5f in that the Defendant employer committed an unlawful employment practice by discharging and otherwise discriminating against the Plaintiff

based upon her race, sex, and reprisal for having filed a previous employment discrimination complaint .

**COUNT II**
**ADEA Claim**

**46.**

All of the allegations contained in this Complaint and in paragraphs 1 through 47 are made a part hereto by reference and incorporated as if fully set forth herein.

47.

The conduct of the Defendant employer constitutes a violation of 29 U.S.C. § 634, et.seq. in that the Defendant employer committed an unlawful employment practice by discharging and otherwise discriminating against the Plaintiff based upon her age.

**COUNT III.**
**Retaliation Claim**

48.

All of the allegations contained in this Complaint and in paragraphs 1 through 30 are made a part hereto by reference and incorporated as if fully set forth herein.

49.

The conduct of the Defendant employer constitutes a violation of 42 U.S.C. § 2000e-f by retaliating against her following her participation in prior protected activity.

**COUNT IV.**
**The Rehabilitation Act**
29 U.S.C. §§ 791 and 794

50.

-11-

All of the allegations contained in this Complaint and in paragraphs 1 through 49 are made a part hereto by reference and incorporated as if fully set forth herein.

51.

The conduct of the Defendant employer constitutes a violation of 29 U.S.C. §§ 791 and 794 in that the Defendant Employer committed an unlawful employment practice by discharging and otherwise discriminating against the Plaintiff based upon her disability status.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following:

1. Back pay;

2. Front pay

3. Future loss income and benefits

4. Compensatory damages in the maximum amount allowed by law;

5. Attorneys fees and costs;

6. Trial by a Jury, and

7. Such other just and equitable relief as may be necessary.

Respectfully submitted on this 20th day of May, 2015.

S/Jacqueline K. Taylor
Jacqueline K. Taylor
Georgia Bar No. 700251
J. Taylor & Associates, LLC
1870 The Exchange, Suite 100
Atlanta, Georgia 30339
(770)951-7077  (phone)
(404) 759-2078 (facsimile)